**SIGNED THIS: March 27, 2006**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| KEITH L. AYRE and ) | |
| LISA A. AYRE, ) | Case No. 05-73602 |
| ) | |
| Debtors. ) | |

# O P I N I O N

The issue before the Court is whether the claims of the Illinois Department of Revenue ("IDOR") filed in this case should be disallowed to the extent such claims exceed the amounts proposed to be paid pursuant to the terms of a confirmed Chapter 13 Plan. The Chapter 13 Trustee filed an objection to the claims of IDOR based on the *res judicata* effect of the confirmed Chapter 13 Plan.

Keith and Lisa Ayre ("Debtors") previously owned and operated the Fox Run Restaurant and Lounge. They filed a Chapter 11 case in

-1-

2002 in an effort to reorganize the restaurant business but were unsuccessful. The business closed and their Chapter 11 case was converted to a proceeding under Chapter 7. Debtors subsequently filed this case on July 7, 2005, apparently to deal with lingering tax obligations of the business and several secured creditors.

On their schedules, Debtors listed IDOR as a priority creditor. They scheduled the amount of IDOR's claim as $104,039.80, and stated that they disputed the claim. In their proposed Chapter 13 Plan, the Debtors classified IDOR's anticipated claim as a priority claim, reiterated their dispute with the claim, and proposed to pay IDOR the sum of $10,500.

A notice scheduling a first meeting of creditors, which included a copy of the Debtors' proposed Chapter 13 Plan, was sent to all creditors including IDOR on July 31, 2005. The first meeting was scheduled for August 25, 2005. The first meeting notice included a provision which required objections to confirmation of the proposed Chapter 13 Plan to be filed three days before the first meeting. IDOR did not file any objection to confirmation and no one representing IDOR appeared at the first meeting. A confirmation hearing was set for October 25, 2005, and notice of that hearing was again sent to all creditors including IDOR. No one appeared at the confirmation hearing on behalf of IDOR and the proposed Chapter 13 Plan was ultimately confirmed by Order dated November 8, 2005.

Notwithstanding the failure of IDOR to object to confirmation or its failure to send a representative to either the first meeting or the confirmation hearing, IDOR did file three claims in the case. Claim #1 was filed on August 18, 2005, in the amount of $88,808.82. At paragraph 4 of the claim, it is indicated that $92.00 of the claim is unsecured and $88,716.82 of the claim is secured. At paragraph 5 of the claim, however, it is stated that an additional $16,353,51 of the claim is actually unsecured. The claim has attached to it an itemization of amounts alleged to be due from the Debtors for sales taxes for various reporting periods and indicates that numerous tax liens were filed with the Sangamon County Recorder of Deeds. No disclosure is made of the property in which a secured interest is claimed.

Claim #2 was also filed August 18, 2005, and is in the amount $15,826.39. Paragraph 4 of the claim provides that the claim is fully secured. Paragraph 5 states, however, that $3,259.61 of the claim is unsecured. The claim has attached to it an itemization of amounts alleged to be due for "Withholding Income Tax" and also provides information regarding the filing of tax liens with the Sangamon County Recorder of Deeds. No disclosure is made of any property in which IDOR claims a secured interest.

Claim #3 purports to amend Claim #1 and was also filed on August 18, 2005. Claim #3 is in the amount of $88,808.83 and contains virtually the same attachment as Claim #1. An adjustment

of one cent was made to the reporting period for the month of August, 2002, and that appears to be the only difference from Claim #1 and the only reason for the filing of the amended claim.

At both paragraphs 4 and 7 of the all three claim forms, a space is provided for the claimant to specify any amounts of the claim entitled to priority treatment.  At each paragraph on all three forms, IDOR indicated that the amount of its claims entitled to priority is $0.00.

On December 16, 2005, the Chapter 13 Trustee filed objections to IDOR's claims #2 and #3.  The Trustee asserts that IDOR is bound by the terms of the confirmed Chapter 13 Plan and that the claims should be disallowed to the extent that the claims differ from the amounts proposed to be paid through the confirmed Chapter 13 Plan.  IDOR responded to the Trustee's objection arguing that it is not bound by the terms of the confirmed Plan.

Generally, the provisions of a confirmed Chapter 13 Plan bind a debtor and all creditors.  11 U.S.C. § 1327(a).  The Seventh Circuit Court of Appeals has repeatedly held that the terms of confirmed Chapter 13 plans are *res judicata* as to issues which were litigated or could have been litigated as part of the confirmation process.  Matter of Pence, 905 F.2d 1107, 1109 (7th Cir. 1990); Matter of Chappell, 984 F. 2d 775, 782-83 (7th Cir. 1993); Adair v. Sherman, 230 F.3d 890, 894 (7th Cir. 2000).  The Trustee relies on Section 1327 and the Seventh Circuit cases in objecting to the IDOR

claims and asserting that IDOR's claims were properly modified in the Chapter 13 Plan and through the confirmation process.

A two-step process is appropriate in reviewing the binding effect of a confirmed Chapter 13 Plan on a creditor. First, an inquiry must be made as to whether the creditor received proper notice of the proposed plan. Secondly, an analysis must be made to determine whether the modification of the creditor's claim made in the plan is the type which is appropriately made through the confirmation process. The *res judicata* effect of Section 1327(a) applies only if both questions are resolved affirmatively in favor of the Debtors. In re Duggins, 263 B.R. 233, 237 (Bank. C.D. Ill. 2001).

IDOR raised no issues in its pleadings or at oral argument regarding lack of proper notice of the terms of the Debtors' Chapter 13 Plan. To the contrary, when asked at oral arguments why IDOR did not object to confirmation in a timely fashion, IDOR's attorney declined to raise any notice or other procedural issue which might support IDOR's position. IDOR's claims in this case were filed on August 18, 2005, and signed by an individual who represented himself to be a "Bankruptcy Unit Manager." The first meeting of creditors was held on August 25, 2005, and the confirmation hearing was held October 25, 2005. All evidence suggests that IDOR had proper and timely notice of the proposed Chapter 13 Plan and the proposed treatment of IDOR's claims. The

threshold question of proper notice must be resolved in favor of the Debtors and the Trustee.  The inquiry, therefore, moves on to determine whether the modifications to IDOR's claims made in the Debtors' Chapter 13 Plan are of the type appropriate for resolution in the confirmation process.

Bankruptcy Rule 3015(f) provides that objections to confirmation are contested matters governed by the procedures set forth in Rule 9014.  *See* Fed.R.Bankr.P. 3015(f) and 9014.  Courts reviewing whether a matter is of the type which may appropriately be resolved as part of the confirmation process have looked to whether the matter is one which is generally considered to be a contested matter or one which requires the filing of an adversary complaint. In re King, 290 B.R. 641, 647 (Bankr. C.D. Ill. 2003); Fed.R.Bankr.P. 7001.  Contested matters may be resolved as part of the confirmation process. King, *supra*, 290 B.R. *at* 647.  Matters which require an adversary proceedings generally may not be resolved through the confirmation process.  Id., *at* 647; In re Strong, 203 B.R. 105, 114 (Bankr. N.D. Ill. 1996). *But see*, In re Andersen, 179 F.3d 1253 (10th Cir. 1999); In re Pardee, 193 F.3d 1083 (9th Cir. 1999).

Litigation regarding the allowance of claims is governed by Bankruptcy Rule 9014.  Objections to claims and the determination of the amount of a claim are contested matters.  King, *supra*, 290 B.R. *at* 649.  Only if an objection to claim requests special relief

such as a determination of the nature, extent, or priority of a creditor's lien will an adversary proceeding be required. Id., *at* 647-649; Fed.R.Bankr.P. 7001. Thus, this Court finds that determination of the amount of IDOR's claim was properly before the Court as part of the confirmation process.

Notwithstanding the resolution of both of the Duggins questions in favor of the Debtors and the Trustee, the analysis of the binding effect of the Debtors' Chapter 13 Plan in this case must go further. In its initial response to the objection of the Trustee, IDOR failed to discuss either Section 1327 or any of the relevant Seventh Circuit cases. During oral arguments, however, IDOR cited the Seventh Circuit's decision in Matter of Escobedo, 28 F.3d 34 (7th Cir. 1984), as its authority that it is not bound by the terms of the confirmed Plan. IDOR also now relies on Ekeke v. U.S., 133 B.R. 450 (S.D. Ill. 1991). Escobedo and Ekeke provide exceptions to the general rules set forth above.

In Escobedo, the debtor failed to make any provision in her plan for the payment of priority claims. Even after the trustee filed a motion to have administrative and priority claims allowed, the debtor failed to amend her plan to pay priority claims in full as required by Section 1322(a)(2). 11 U.S.C. § 1322(a)(2). In affirming the bankruptcy court's dismissal of the case after the debtor had complied with all terms of her confirmed plan, the Seventh Circuit held that the provisions of Section 1322(a)(2) are

mandatory and cannot be ignored in the confirmation process. A plan which ignores the mandatory provisions of the Code is invalid and cannot be given *res judicata* effect. Escobedo, *supra*, 28 F.3d. *at* 35.

A similar result was reached in Ekeke. The District Court there upheld the bankruptcy court's dismissal of a confirmed Chapter 13 plan when it was determined that priority claims existed which had not been properly provided for in the plan. Ekeke, *supra*, 133 B.R. *at* 452-3. Although the facts of the case are not clear from the reported opinion, it appears that the bankruptcy court believed that a fraud had been committed with respect to the presentation of the original plan to the court for confirmation. Ekeke, *supra*, 133 B.R. *at* 451.

Escobedo and Ekeke are distinguishable from this case and do not provide support for the position of IDOR. Here, the Debtors clearly disclosed the existence of IDOR's potential priority claim on their schedules and included a section in their Chapter 13 Plan to specifically deal with priority claims. Neither Section 1322(a)(2), nor Escobebo, nor Ekeke requires a debtor to consent to the amount of a priority creditor's claim without any opportunity to litigate the actual amount due. Here, the claims filed by IDOR contain attachments which suggest that substantial portions of the claims are estimated amounts. The Debtors clearly indicated on their schedules and in their Plan that they disputed the amounts

they expected to be claimed by IDOR.  The Debtors' Plan is clear and unambiguous in its proposed treatment of IDOR's claims.  No fraud or misrepresentation is alleged and none occurred.  IDOR had an opportunity to object to the treatment proposed for it in the Debtors' Chapter 13 Plan but failed to do so.  The proposed treatment does not ignore the mandatory provisions of Section 1322(a)(2) but, rather, seeks to resolve the disputed amount of the claim entitled to priority.  IDOR's situation does not fit within the exceptions to the general rule that a confirmed Chapter 13 Plan binds all creditors.

Finally, it must be noted that IDOR did not actually file priority claims.  For whatever reason, IDOR's claim forms state that the claims are not entitled to priority status.  The claims indicate that IDOR is partially secured, but no property subject to a secured interest is disclosed.  The Debtors' schedules list no real estate to which recorded tax liens could attach.  IDOR's claims are essentially unsecured and, as filed, are not entitled to priority or any other special consideration.

For the reasons stated herein, the Trustee's objection to IDOR's claims #2 and #3 should be granted.  IDOR's claims will be disallowed to the extent that they exceed the amounts provided for in the Debtors' confirmed Chapter 13 Plan.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###